332 So.2d 464 (1976)
STATE of Louisiana
v.
Patsy Ann JACK.
No. 57329.
Supreme Court of Louisiana.
May 17, 1976.
William L. McLeod, Jr., Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Anthony J. Fazzio, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Patsy Ann Jack was charged by bill of information with having committed theft on July 18, 1975 "by shoplifting assorted merchandise having a value of three hundred one & 14/100 ($301.14) the property of Krogers Family Center, in violation of LSA-R.S. 14:67." After trial by jury, defendant was found guilty as charged and was subsequently sentenced to six months in the parish jail with credit for time served prior to sentence. Defendant moved for and was granted an appeal. In addition to setting the return date, the trial judge set the date for defendant to designate those errors which were to be urged on appeal and to file this assignment of error with the trial court. He also fixed the date within which defendant shall, or the state may, designate the portion of the record to be lodged with the appellate court.
Defendant designated and filed a single assignment of error with the trial court. The error assigned was that the "verdict of the jury is not justified by the law and *465 the evidence." She further designated the entire transcript of the trial as the record to be lodged with the appellate court. Finding that the single assignment of error presented nothing for appellate review, the trial judge denied defendant's request for the entire transcript of the trial. Defendant then applied to this court for relief under our supervisory jurisdiction. We denied relief on January 30, 1976, stating that "[s]ince the single assignment of error presents nothing for our review, the ruling of the trial judge is correct." On appeal, defendant asserts that she has no additional points of law to present in view of this court's ruling on her application for writs.
In criminal matters, the scope of this court's appellate jurisdiction extends only to questions of law. La.Const. art. 5, § 5(C) (1974). A criminal case shall be appealable to this court if the defendant has been convicted of a felony or a fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed. La.Const. art. 5, § 5(D)(2) (1974). In the instant case, R.S. 14:67 provides that theft of articles having a value of more than one hundred dollars but less than five hundred dollars is punishable by imprisonment, with or without hard labor, for not more than two years, or a fine of not more than two thousand dollars, or both. Article 933(3) of the Code of Criminal Procedure defines a felony as an offense that may be punished by death or by imprisonment at hard labor. Hence, defendant was convicted of a felony; this court has appellate jurisdiction in the case but the scope of our review is limited to questions of law. La.Const. art. 5, § 5(C) and (D)(2) (1974).
A contention such as presented here, that the verdict of the jury is not justified by the law and evidence, is an attack on the sufficiency of the evidence. Sufficiency of the evidence is a question of fact. The jurisprudence is uniform in holding that this court is without jurisdiction to pass on the sufficiency of the evidence in a criminal case. Only where it is alleged that there is no evidence at all upon some essential element of the crime charged is a question of law presented which this court can review. A claim that the verdict is contrary to the law and the evidence is a proper ground for claiming a new trial in the trial court. La.Code Crim.P. art. 851(1), as amended Acts 1974, No. 207, § 1. However, even where error is assigned to the refusal of the trial judge to grant a motion for a new trial grounded on the allegation that the verdict is contrary to the law and evidence, nothing is presented for our review. La.Code Crim.P. art. 858 (1966). State v. Celestine, 320 So.2d 161 (La.1975); State v. Hollingsworth, 292 So.2d 516 (La.1974); State v. Gilbert, 286 So.2d 345 (La.1973); State v. Plummer, 281 So.2d 716 (La.1973). No other errors are assigned. We have examined the record and find no errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. La.Code Crim.P., art. 920(2), amended by Acts 1974, No. 207, § 1.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.