DENNIS, Justice.
Defendant was convicted by a jury of aggravated burglary of a dwelling, in violation of La.R.S. 14:60 and sentenced to serve twenty years at hard labor.
Defendant urges two assignments of error in this out of time appeal. Both relate to testimony elicited by the State during direct examination of one of the deputies who arrested defendant. Officer Ceccarelli stated that when the defendant was arrested he said to' a woman who was present at the time: “I was trying to teach Butch to stay away from someone.” The record reflects that the house which was burglarized belonged to a friend of *239 the defendant named “Butch.” This out-of-court statement by defendant was admitted without objection as an admission that he had committed the crime, in that the statement could be interpreted as an attempt to justify or explain his motivation in committing the burglary.
Later, defense counsel attempted to sell the woman to whom the statement was allegedly made. Upon motion of the defense, all witnesses had been placed under a rule of sequestration, and the State objected to the defense calling this particular witness because she had been in the courtroom throughout the trial. The defense counsel argued to the judge that she should be allowed to testify because he was not aware that such a statement had been made to her until the arresting officer testified. Therefore, counsel maintained, the need to call the witness to impeach the testimony of the arresting officer could not have been anticipated prior to trial, and the failure to sequester her should not prevent the defense from using her testimony.
However, while the court was deliberating and before it ruled on the State’s objection, defense counsel withdrew his request that the witness be called and stated:
“I’ll waive it and I’ve decided that I am not going to use this witness, Your Honor.”
ASSIGNMENT OF ERROR NO. 1
The failure of the witness to testify is the subject of this assignment.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time it occurred and the party objecting thereto makes known to the court the action he desires the court to take or his objection to the court’s action and the grounds therefor. La.C.Cr.P. art. 841. The transcript in this case reveals that the defendant’s attorney specifically withdrew his contention that he had a right to call the witness before the court had ruled on the question. Thus, clearly, the requisites established by La.C.Cr.P. art. 841 for preservation of objections have not been met.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
In his second assignment of error defendant complains that the trial court erred in not sustaining his objection to a portion of the State’s closing argument, during which the prosecutor referred to the statement allegedly made by defendant after his arrest in the presence of Officer Ceccarelli. The following exchange occurred during the district attorney’s closing argument:
“[District Attorney]: * * *
By admission, uncontradicted admission, a spontaneous statement by the man when he was arrested as Deputy Cec-carelli testified. He said something to the effect, I did it to teach Butch a lesson. Now are we going to allow someone, anyone .
“[Defense counsel]: * * *
I’m going to object to that, Your Honor, and reserve the bill on that. I don’t think that was in the testimony that he was going to teach Butch a lesson.
“THE COURT: Let the bill be noted.”
Although the district attorney did not use the precise words of Deputy Ceccarelli, his argument to the jury was not a misrepresentation of the gist of that testimony. We find that the statement of the prosecutor was a proper conclusion of fact drawn from the evidence under La. C.Cr.P. art.' 774:
“The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the *240 state or defendant may draw therefrom, and to the law applicable to the case.
“The argument shall not appeal to prejudice.
“The state’s rebuttal shall be confined to answering the argument of the defendant.”
This assignment has no merit.
For the reasons assigned, defendant’s conviction and sentence are affirmed.