340 So.2d 1349 (1976)
STATE of Louisiana
v.
Sheila SPOT.
No. 58342.
Supreme Court of Louisiana.
December 13, 1976.
Milton P. Masinter, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Sheila Spot was charged with violating La.R.S. 14:118 by committing public bribery of a New Orleans police officer.[1] After waiving jury trial she was found guilty as charged by the trial judge and sentenced to serve six months in Orleans Parish Prison. Inasmuch as the permissible punishment for violation of La.R.S. 14:118 includes confinement at hard labor she has properly appealed her conviction and sentence to this Court.[2] She relies upon two assignments of error.
*1350 ASSIGNMENT OF ERROR NO. 1.
In this bench trial, the state "waived" opening statement, and the defendant did not enter an objection. Defendant assigns as error this waiver by the state of opening statement. She contends that an opening statement by the prosecutor is mandatory under Louisiana law.
An irregularity or error cannot be availed of after a verdict unless it was objected to at the time of occurrence. C.Cr.P. art. 841. Furthermore the alleged error is not one "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." C.Cr.P. art. 920(2). Accordingly, the alleged error is not properly before us.
In any event, the assignment does not have merit. In the recent case of State v. Bolen, 338 So.2d 97 (La.1976), which also involved prosecution for a relative felony (negligent homicide) and a bench trial, we held that the trial judge did not err in refusing to order the state to make an opening statement. Citing cases which had held that in misdemeanor trials an opening statement is not required (State v. Layssard, 310 So.2d 107 (La.1975); State v. Himel, 260 La. 949, 257 So.2d 670 (1972); State v. Didier, 259 La. 967, 254 So.2d 262 (1971)), we went on to say, in effect, that absent an element of unfair surprise defendant is not prejudiced by the state's declining via opening statement to inform defendant of the nature of the charge and the evidence upon which the state intends to rely. In the case at bar defendant neither alleges nor shows that she was unfairly surprised.
Accordingly assignment of error number one, for the dual reasons above stated, does not have merit.
ASSIGNMENT OF ERROR NO. 2.
Defendant complains that the trial court erred in refusing to grant her motion for a directed verdict. That motion, actually designated a motion for judgment of acquittal in a bench trial (C.Cr.P. art. 778), properly raises the question of sufficiency of the evidence, in the sense only of whether the prosecution has produced any evidence or some evidence to prove the crime or an essential element thereof. State v. Douglas, 278 So.2d 485 (La.1973). And, of course, a motion for a judgment of acquittal in a bench trial is still procedurally available notwithstanding the recent amendment to Article 778.[3]
We are therefore limited in our review of the record in this case to determining whether the state failed to present any evidence at all to prove the crime charged or an essential element thereof. Defendant does not assert that the state failed to prove a particular element, but according to La.R.S. 14:118 the elements of the crime of public bribery in this case are the giving or offering to give anything of value to a police officer with the specific intent to influence his conduct in relation to his position.
The state established through the testimony of two New Orleans police officers, Patrolman Foster and Sergeant Keyser, that defendant Spot was arrested in the early morning hours of December 4, 1974 for violating the municipal ordinance proscribing loitering in public for the purpose of inducing another to commit an indecent sexual act. When Officer Foster arrested defendant, Sergeant Keyser was sitting in a police car nearby and defendant requested that she be allowed to speak to him. Officer Foster took her to the car and she got in the rear of the vehicle. She asked Sergeant Keyser if she could get in "the union." When questioned by the two officers what she meant by "the union," she said that she had heard other prostitutes say that if you paid fifty dollars a week, the police officers would allow the girls to solicit men for prostitution without being arrested. These officers testified that defendant then gave Sergeant Keyser five dollars and promised to give him the balance later.
*1351 The record, therefore, reveals that there was before the trial judge some evidence of each element of the crime charged, and that he correctly denied defendant's motion for acquittal.
Accordingly, the conviction and sentence are affirmed.
NOTES
[1] La.R.S. 14:118 provides in pertinent part that:

"Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee;
* * * * * *
Whoever commits the crime of public bribery shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both."
[2] Defendant Spot was sentenced to exactly six months imprisonment, a term which does not cause her case to fall under this Court's appellate jurisdiction which extends to cases where "imprisonment exceeding six months actually has been imposed." La.Const. art. V, § 5 (1974). However, our appellate jurisdiction extends to any case where "the defendant has been convicted of a felony" (Art. V, § 5) and defendant here was convicted of a felony.
[3] By Acts 1975, No. 527, § 1, Article 778 was amended so as to delete the provision allowing motion for directed verdict in a jury trial.