DIXON, Justice.
Curtis J. Terrebonne was charged by bill of information with possessing, exhibiting and displaying obscene hard core sexual conduct in a motion picture in violation of R.S. 14:106. The defendant entered a plea of not guilty. A jury of six found the defendant guilty as charged by a vote of five to one. The defendant was sentenced to pay a fine of $1000 and to serve eight months in Orleans Parish prison. The defendant assigns four errors for reversal of his conviction and sentence. However, due to the decision of this court in State v. Johnson, No. 58495, consolidated with State v. Hensley, No. 53496, 343 So.2d 705 (La.1977), it is unnecessary to determine whether the errors assigned have merit as the *1011 defendant’s conviction and sentence must be reversed.
The facts surrounding the violation in question are as follows: on March 8, 1976, at approximately 10:00 p. m., Officer Charles Credo of the New Orleans Police Department Vice Squad entered the bookstore located at 401 Baronne Street in New Orleans and viewed two twelve minute films in the store’s coin operated machines. On March 9, 1976 Officer Credo obtained a search warrant to confiscate the two films that he had viewed the previous night and returned to the bookstore at 401 Baronne Street at approximately 3:50 p. m. accompanied by another police officer. The defendant, who was the only employee in the bookstore, was standing behind the counter at the cash register. Officer Credo asked the defendant if he was the manager of the store to which the defendant replied that he was in charge at that time. After reviewing the films he had seen the previous day, Officer Credo asked the defendant if he had the keys to the coin operated machines to which the defendant answered affirmatively. At this point the defendant was placed under arrest for the display of obscene films and he was advised of his rights. The officers seized two books, one card depicting an allegedly obscene act, two projectors, two films and a bill. The defendant initialed a receipt for the confiscated items, locked up the store and was taken to central lockup where he was booked.
Prior to this court’s decision in State v. Johnson consolidated with State v. Hensley, supra, R.S. 14:106(C) provided:
“No theatre employee or bookstore employee acting within the course and scope of a bona fide contract of employment wherein such employee is employed by any person, firm or corporation exhibiting motion pictures or selling books, periodicals or other published materials pursuant to a license or permit to exhibit or sell the same issued by the State of Louisiana or any municipality, parish or consolidated city-parish government therein, shall be guilty of a violation of this section as a result of his possession, exhibition or sale within the course and scope of such employment provided such employee has no managerial duties and has no financial interest in the possession, exhibition or sale of any materials other than wages from his said employment, unless there is no person having managerial duties or a financial interest in the possession, exhibition or sale of obscure (sic) materials subject to immediate arrest and prosecution.”
In Johnson and Hensley, however, this court held that the last clause of R.S. 14:106(C), “ . . . unless there is no person having managerial duties or a financial interest in the possession, exhibition or sale of obscure (sic) materials subject to immediate arrest and prosecution,” was unconstitutional because it denied equal protection of the law to a class of bookstore and clerical employees. The pertinent language from Johnson and Hensley was as follows:
“However, under any saving construction of the words ‘subject to immediate arrest and prosecution,’ some clerical bookstore and theatre employees would be subjected to criminal proceedings whereas others would not, depending on whether their superiors are subject to immediate arrest and prosecution. Thus the law does not afford all such employees equal treatment, and raises a question as to whether the distinction between the two classes of clerical employees has been drawn upon a reasonable basis. We do not think that it has. To make a person’s exposure to a possible fine of $2,000 and possible imprisonment at hard labor for five years completely dependent upon whether another person is subject to immediate arrest and prosecution seems to us entirely unfair and unreasonable. Accordingly, we conclude that the last clause of La. R.S. 14:106(C) is unconstitutional because it denies equal protection of the law to one class of clerical bookstore and theatre employees. U.S.Const. amend. XIV, § 1; La.Const. art. 1, § 3 (1974).”
Therefore, pursuant to the remaining valid portion of R.S. 14:106(C), it was necessary for the State to prove that this *1012 defendant either had “managerial duties” at the bookstore or had a “financial interest in the possession, exhibition or sale of any materials other than wages from his said employment.”
A review of the record reveals that the State offered no evidence that the defendant either had managerial duties or any financial interest in the store or its inventory other than his wages. Officer Credo was the only witness who testified at trial. He testified that he knew that the bookstore was licensed to an Atlanta corporation and he assumed that the corporation was the owner of the premises. He also testified that he did not investigate to determine whether the defendant was the owner of the property because he knew that the defendant was not. Officer Credo further testified that as far as he knew the defendant was not a principal of the Atlanta corporation, but rather an employee of the corporation. Finally, the officer testified that based on the defendant’s position in the store one would make the assumption that the defendant was the cashier. The State offered no evidence that the defendant was anything other than a mere employee of the bookstore. Therefore, since a mere employee may not be convicted under the provisions of R.S. 14:106, the conviction and sentence of the defendant are reversed and the case is remanded for further proceedings not inconsistent with the views expressed herein.
SUMMERS, J., dissents.