362 So.2d 540 (1978)
STATE of Louisiana
v.
Everett Lee BANKS.
No. 61647.
Supreme Court of Louisiana.
September 5, 1978.
*542 S. P. Davis, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Donald C. Brown, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Everett Lee Banks and John Edmond were charged in the same information with armed robbery in violation of La.R.S. 14:64. Defendants waived trial by jury and elected to be tried by the court. After a bench trial, each defendant was found guilty of simple robbery. Everett Lee Banks was sentenced to serve four years at hard labor. John Edmond was sentenced to serve five years at hard labor. This appeal is by Everett Lee Banks only. He relies on nine assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in denying his motion for a new trial.
First, defendant argues that his motion for a new trial should have been granted on the ground that the verdict was contrary to the law and the evidence. It is well settled that such an allegation presents nothing for this court's appellate review. State v. Drew, 360 So.2d 500 (La.1978); State v. Cass, 356 So.2d 936 (La.1977); State v. Fowlkes, 352 So.2d 208 (La.1977); State v. Williams, 343 So.2d 1026 (La.), cert, denied, 434 U.S. 928, 98 S.Ct. 412, 54 *543 L.Ed.2d 287 (1977); State v. Jack, 332 So.2d 464 (La.1976).
Secondly, defendant argues that a new trial should have been granted because no evidence was presented to support his conviction. This court's review of a denial of a motion for a new trial based on an allegation of no evidence is limited to a determination of whether there is some evidence to support the conviction. State v. Sheppard, 350 So.2d 615 (La.1977). During trial in the instant case, the victim of the alleged robbery clearly testified that defendant and his accomplice, who held a pistol, forcefully took his money from him. Hence, we find some evidence to support defendant's conviction.
Thirdly, defendant argues that the evidence was such that defendant was not proven guilty beyond a reasonable doubt. The scope of this court's appellate jurisdiction in criminal matters extends only to questions of law. La.Const. art. 5, § 5(C). A contention such as presented here that defendant's guilt has not been proven beyond a reasonable doubt is an attack on the sufficiency of the evidence, which is a question of fact. State v. delaBeckwith, 344 So.2d 360 (La.1977). The jurisprudence is uniform in holding that we have no jurisdiction to pass on the sufficiency of the evidence in a criminal case. See, e. g., State v. delaBeckwith, supra; State v. Reeves, 342 So.2d 605 (La.1977); State v. Jack, supra.
Finally, defendant contends that a new trial should have been granted because the state failed to timely make an opening statement.
After the state and defendant announced that they were ready for trial, but before presentation of any evidence, defendant objected to the state's failure to make an opening statement. After argument, the objection was withdrawn by defense counsel; nonetheless, the state made an opening statement.
At the outset, we note that defendant withdrew his objection prior to the ruling thereon and thereby waived any complaint of this matter on appeal. Secondly, the state did, in fact, make an opening statement. Thirdly, the statement was made prior to presentation of any evidence by the state in accordance with La. Code Crim.P. art. 765. Finally, we note that no error would have occurred even had the state failed to make an opening statement in this bench trial, absent a showing by defendant of unfair surprise. State v. Spot, 340 So.2d 1349 (La.1976); State v. Bolen, 338 So.2d 97 (La.1976). Hence, there is no merit to this contention.
In sum, the trial judge did not err in denying defendant's motion for a new trial.
Assignments of Error Nos. 1 and 2 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion for a judgment of acquittal.
At the close of the state's case, defendant argued that the state offered no evidence to support the crime charged. This court can find error in the trial judge's denial of a motion for a judgment of acquittal and reverse the conviction only where there is no evidence of the crime or an essential element thereof. State v. Edwards, 351 So.2d 500 (La.1977); State v. Reeves, 342 So.2d 605 (La.1977); State v. Credeur, 328 So.2d 59 (La.1976); State v. Marks, 337 So.2d 1177 (La.1976); State v. Douglas, 278 So.2d 485 (La.1973).
In the instant case, the victim of the alleged robbery clearly testified that defendant and his accomplice, who held a pistol, forcefully took his money from him. Hence, we find some evidence of each element of the crime.
In brief to this court, defendant argues that, because of the state's failure to timely make an opening statement, the trial judge should not have considered the evidence offered by the state in making his ruling on defendant's motion for a judgment of acquittal. There is no merit to this contention for reasons previously assigned *544 in connection with our disposition of Assignments of Error Nos. 1 and 2.
In sum, the trial judge did not err in denying defendant's motion for a judgment of acquittal.
Assignment of Error No. 3 is without merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 6
Defendant contends the trial judge improperly curtailed his right to cross-examine a state witness, the victim of the robbery.
During direct examination by the state, the victim identified some currency as "like" the money taken from him in the robbery. On cross-examination, defendant asked the victim if he could identify this currency as the money taken from him. The victim replied that he could so identify it due to the particular way it was folded. Defendant then asked:
So, if I took one of these tens out of my pocket and put it over there, could you tell me which one is which?
The victim answered, "No " At this point, the state objected to the questioning as beyond the bounds of proper cross-examination. Defendant explained to the court that he wished to point out that the victim, a mentally retarded person, could not possibly identify the currency produced in court as the money taken from him in the robbery. In conclusion, the following colloquy occurred:
[Defendant]:
Your Honor, I think the point is this: [the victim] identified that money as his and I think I've put my point across without trying to go out of bounds.
The Court:
The Court is aware of, of course, what you were trying to prove. And the court is also aware of the condition under which this cross examination is being conducted.
Do you need to pursue that matter any further?
[Defendant]:
No, sir, I just want the Court to understand it. I can't do it like I'd like to do it. I'm trying to refrain from doing that.
On the other hand, I've got to be as serious as I can be.
The Court:
I understand. If you do not need to go into it any further, why do you not go ahead
[Defendant]:
As long as the point is made, that's sufficient.
The Court:
All right, sir.
Defendant then continued cross-examination of the victim.
Also during cross-examination, defendant asked the victim on several occasions if he owned a pistol. The victim consistently answered in the negative. Finally, the state objected to defendant's badgering the witness on that matter. The trial judge said to defendant, "I think you have been polite, but you have asked it a number of times and the same response has been given each time." Defendant replied, "All right." Cross-examination continued.
In brief to this court, citing the above related incidents, defendant argues that his right to cross-examine the victim was improperly curtailed by the trial judge.
At the outset, we note that defendant acquiesced in the trial judge's disposition of both incidents. Hence, he has no cause to complain of these matters on appeal. Moreover, in the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross. La.R.S. 15:275. The rulings of the trial judge in respect to the scope and extent of cross-examination will not be disturbed on appeal absent a strong showing of abuse of discretion. State v. George, 346 So.2d 694 (La.1977); State v. Nero, 319 So.2d 303 (La.1975); State v. Fulmer, 263 La. 971, 270 So.2d 116 (1972). We find no such abuse here. Hence, the trial judge did not improperly curtail defendant's right to cross-examine the victim.
*545 Assignments of Error Nos. 4 and 6 are without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred by curtailing his right to cross-examine the victim and impeach his credibility due to denial of his request to call the victim as a defense witness.
During the state's case-in-chief, the victim of the alleged robbery testified as a state witness and was thoroughly cross-examined by defendant. After the state rested its case, defendant called several persons as defense witnesses. The testimony of these witnesses was contrary to that of the victim in some respects. Defendant then announced his intention to call the victim to the stand as his own witness. The state requested an explanation of defendant's purpose in calling the victim as a defense witness and said that, if the purpose was merely to "rehash" his previous testimony, the state would object to the procedure as unnecessary. A discussion followed, during which defendant stated that he wished to call the victim to the stand for impeachment purposes and that he wished the judge, who was "deciding the case," to hear the victim's testimony after having heard the contrary testimony of two defense witnesses. The trial judge stated: "That's the whole point. It's up to me to decide the case and decide the issues that are before this Court." In conclusion, defendant argued:
Although we probably don't have a right to call [the victim] back, to be sure that the Court understands when he was on direct examination, which [the state] is willing to stipulate, that he did emphatically deny any knowledge of that pistol. . . .
The trial judge replied: "Well, that goes to the question of argument. I'm quite aware of that." Defendant was not allowed to call the victim as a witness.
It is not clear whether defendant wished to recall the victim for further cross-examination or to actually call the victim as a defense witness. In either case, we do not find that reversible error occurred.
We first consider defendant's right to recall the victim for further cross-examination. The right to recall a witness for further cross-examination is within the sound discretion of the trial judge whose ruling thereon will not be disturbed on appeal absent a showing of an abuse of that discretion. State v. Simmons, 340 So.2d 1357 (La.1976); State v. Bankston, 165 La. 1082, 116 So. 565 (1928).
In the instant case, the victim was thoroughly cross-examined by defendant during the state's case-in-chief. Defendant had the opportunity to impeach the credibility of the victim at that time. Under these circumstances, we are unable to say that the trial judge abused his much discretion by refusing to permit defendant to recall the victim for further cross-examination.
Next, we consider the right of defendant to call the victim as a defense witness.
At the outset, we note that it is improper to require an accused to state the purpose for which he calls a witness. Rather, the trial judge should allow the witness to be called and placed under oath and then exercise "sound discretion to stop the prolonged, unnecessary and irrelevant examination" of the witness. La.R.S. 15:275.
However, in the instant case, any such error is not reversible. Defendant's avowed purpose for calling the victim as a witness was to further cross-examine him and attempt to impeach his credibility. Defendant could not properly have accomplished this purpose if the victim were his own witness.
When an opposing party calls as its own a witness who previously testified for the other, the party who calls the witness is subject to the same limitations of examination and impeachment as in the case of any other witness called by such party. State v. Monk, 315 So.2d 727 (La.1975). Hence, defendant would not have been able to cross-examine the victim as his own witness. Nor could defendant impeach the credibility of the victim absent a showing of surpriseor *546 hostility. La.R.S. 15:487 and 488. Since the victim had previously testified as a state witness, it is unlikely that defendant could have made the requisite showing of surprise or hostility necessary for impeachment of the credibility of the victim as his own witness. State v. Monk, supra.
In any event, we note that the instant trial was before a judge alone, acting as trier of both law and fact. As the trial judge explained during the proceedings, he was fully aware of the inconsistencies between the testimony of the victim and that of defense witnesses. No further purpose would have been served by calling upon the victim to reiterate his previous testimony. Defendant was not unduly prejudiced by the trial judge's refusal to allow defendant to call the victim as a defense witness. Any error was harmless. La.Code Crim.P. art. 921.
In sum, Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred in making two comments during trial which indicate his predisposition to find defendant guilty of the alleged robbery.
During trial, defendant testified on his own behalf. At this time, the trial judge warned all witnesses of the consequences of committing perjury. Also, after the presentation of all evidence, the trial judge summoned both state and defense witnesses into the courtroom and again warned them of the consequences of committing perjury.
At the outset, we note that the record reveals no objection to the comments. In the absence of a contemporaneous objection, an alleged irregularity or error in the proceeding cannot be availed of after conviction. La.Code Crim.P. art 841; State v. Robertson, 358 So.2d 931 (La.1978); State v. Williams, 343 So.2d 1026 (La.), cert, denied, 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287 (1977); State v. Finley, 341 So.2d 381 (La.1976); State v. Knight, 323 So.2d 765 (La.1975). In any event, we find no merit to defendant's contention that the warnings given by the trial judge to all witnesses of the consequences of committing perjury indicate any predisposition on his part to find defendant guilty of the alleged robbery.
Assignment of Error No. 7 is without merit.

ASSIGNMENTS OF ERROR NOS. 8 AND 9
Defendant contends the trial judge erred in not allowing him, while testifying on his own behalf, to see an exculpatory letter he had written to his counsel and also erred in admitting the letter in evidence.
During trial, defendant testified on his own behalf concerning events on the date of the alleged robbery. On cross-examination, the state attempted to impeach defendant's credibility by use of the exculpatory letter at issue as a prior inconsistent statement. Defendant admitted writing a letter to his counsel concerning events on the date of the alleged robbery and recalled the time and place the letter was written. He also admitted the possibility that the letter was not entirely consistent with his trial testimony. Upon further questioning about the letter, defendant asked to see it. Extensive oral argument was held concerning the use of the letter for impeachment purposes and defendant's right to see the letter. Finally, the state showed a letter to defendant, who identified it as the one he had written to his counsel. The state began to question defendant about specific statements in the letter, which defendant admitted having made. These statements were not entirely consistent with defendant's prior testimony at trial. The state then asked to introduce the letter in evidence, to which defendant initially objected. However, after reviewing the letter, defendant stated:
[I'm] not going to object to this one bit. I wouldn't mind it being read into the record. Anything the Court wants to do.
The letter was read aloud and admitted in evidence.
Defendant's contention that the trial judge erred in refusing to allow him to see *547 the exculpatory letter is without merit since the record reveals that the state did in fact show defendant the letter.
Regarding defendant's contention that the trial judge erred in admitting the letter in evidence, we note that defendant withdrew his objection to admission of the letter in evidence prior to any ruling thereon. He thereby waived any complaint of this matter on appeal. State v. Franklin, 332 So.2d 238 (La.1976).

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
SUMMERS, J., concurs.
DIXON, J., concurs, disagreeing with treatment of Assignment # 5.