DIXON, Justice.
B. W. Mitchell was charged by bill of information with the offense of obscenity, specifically the willful and unlawful possession, exhibition, display and offer for sale of obscene material in violation of R.S. 14:106(A)(3). After a bench trial, defendant was found guilty as charged and sentenced to serve one year in parish prison and fined $1000. Defendant appeals, relying upon two assignments of error for reversal of his conviction and sentence.

Assignment of Error No. 1

Defendant alleges that even though the trial was before a judge alone the prosecutor should have been required to present an opening statement before the swearing of the first witness.
The record reflects that no objection was made to the State’s failure to make an opening statement. Therefore, the error cannot be availed of on appeal without a contemporaneous objection having been made at the time of the occurrence. C.Cr.P. 841; State v. Spot, 340 So.2d 1349 (La.1976).
Nevertheless, the assignment has no merit. The opening statement is intended to acquaint the jury with the course and conduct of the trial in order to better prepare it to receive testimony and other evidence in proper context during the trial. Where a trial is by judge alone, however, the prosecution opening statement is not mandatory. State v. Himel, 260 La. 949, 257 So.2d 670 (1972). As we have previously recognized, another function of the State’s opening statement is to inform the defendant of the nature of the charge and evidence by which the State intends to prove its case so as to prevent the defendant from being unfairly surprised. State v. Bolen, 338 So.2d 97 (La.1976); State v. Roquemore, 292 So.2d 204 (La.1974). A defendant is not prejudiced by the absence of a prosecution opening statement unless he can show unfair surprise. The bare allegation of unfair surprise is not a convincing demonstration of prejudice.

Assignment of Error No. 2

By this assignment defendant contends the trial judge erred in denying his motion for a new trial based on the ground that there was no evidence that defendant had any managerial duties or a financial interest in the bookstore where the obscene material was purchased, as required by R.S. 14:106(C). See State v. Terrebonne, 344 So.2d 1010 (La.1977).
The record shows:
Detectives Jeff Zapata and Lee Couret had been engaged in an investigation of complaints that the Airline Adult Bookstore on Airline Highway in Metairie was selling obscene materials. On March 14, 1977 Detective John Thevenot, at the direction of Detectives Zapata and Couret, entered the bookstore and randomly selected and purchased a magazine entitled “Pissass” from the store’s clerk. Detectives Zapata and Couret followed Thevenot into the store and observed the purchase. After Theven-ot left, Zapata and Couret talked with the store clerk who advised that B. W. Mitchell was the store manager. As Zapata and Couret left the store they met defendant entering. Both Zapata and Couret testified that they knew defendant from having met him on previous occasions while investigating complaints about the store. On those occasions, they stated, defendant had identified himself as the store’s manager. On the date in question, they testified, defendant was advised that they were conducting an investigation regarding the sale of obscene material at the store and that defendant told them he was still the manager.
Clearly there is some evidence from which the trial judge could conclude that the State satisfied its burden of proving that defendant had managerial duties at the bookstore. This assignment has no merit.
For the reasons assigned, defendant’s conviction and sentence are affirmed.