319 So.2d 331 (1975)
STATE of Louisiana, Appellee,
v.
Shirley Ann MOUTON, Appellant.
No. 56125.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied October 9, 1975.
*332 Emile A. Carmouche, Jr., Crowley, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron Legendre, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of murder and sentenced to life imprisonment at hard labor. La.R.S. 14:30 (1950). On her appeal, the defendant relies upon two bills of exceptions perfected as to the denial of motions to quash the indictment for several alleged irregularities or defects. She also relies upon certain errors allegedly patent on the face of the record, concerning the manner in which the petit jury verdict of guilty was taken and recorded.
1. The signing of the grand jury indictment by the assistant foreman.
The most substantial contention of error urged concerns the technical insufficiency of the grand jury indictment. The foreman of the jury did not sign the indictment returning a true bill, as required by La.C.Cr.P. art. 383. Failure to comply with this statutory requirement has been held to be a fatal defect in the indictment. State v. Stoma, 199 La. 529, 6 So.2d 650 (1942) and jurisprudence therein relied upon. (Under present law, however, this procedural irregularity may be regarded as waived, if not raised prior to at least the verdict. State v. James, 305 So.2d 514 (La.1974).)
In the present instance, the indictment was endorsed a true bill by the assistant foreman, who had the duty to preside over the grand jury in the absence of the foreman. Tr. 48(II). Due to a death in his family, the foreman himself was out of the state during the entire session (a week) of the grand jury in which it deliberated on the charges against the accused (and others) and returned the indictment against her (and others). Tr. 48-50(II).
Under these circumstances, the signature of the assistant foreman was substantial compliance with the procedural requirements for validity of the indictment through endorsement of the foreman. La.C.Cr.P. art. 383.
The reasons for requiring the signature of the foreman involve accentuating the deliberateness of the grand jury's finding. Official Revision Comment (c), La.C.Cr.P. art. 383. They are adequately served when a duly designated representative of the grand jury, such as an assistant foreman, signs due to the absence, inability, or unwillingness of the foreman to sign.
We are unwilling to believe that the legislature intended to prevent any action by the grand jury unless concurred in by the foreman. He is only one of twelve grand jurors, of whom nine only need concur to find a true bill or not. La.C.Cr.P. arts. 413, 444, subd. B. (In the present instance, the eleven present members of the grand jury concurred in the indictment. Tr. 55(II).)
*333 2. Other formal assignments of error.
The other issues raised by the formal assignments do not require extended comment:
(1) The alleged effective exclusion of women from the jury venires for this 1973 trial cannot be availed of now. The United States Supreme Court has invalidated the then applicable state procedures (which formerly permitted service only by women who volunteered for jury service) as to juries empaneled after the effective date of Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). However, convictions obtained from pre-Taylor juries are valid. See Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975) and Devall v. Louisiana, 420 U.S. 903, 94 S.Ct. 820, 42 L.Ed.2d 832 (1974) (a woman codefendant), see also State v. Rester, 309 So.2d 321 (La.1975).
(2) The defendant alleges that the jury venires were invalid under existing state law because, in fact, a non-volunteer woman had been added. We do not reach this contention. The evidence shows that the woman was added to the general venire after the selection of the grand jury and of the petit jury venire utilized. Tr. p. 3, April 16(II).
(3) Only the death sentence allowed by La.R.S. 14:30 (1950) was invalidated by the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972). The life sentence received by the accused for violation of that statute is valid. State v. Franklin, 263 La. 344, 268 So.2d 249 (1972).
3. Alleged "patent" errors.
The trial jury verdict of guilty as charged is claimed to be fatally defective because the record does not affirmatively show that all twelve petit jurors concurred in the verdict, La.C.Cr.P. art. 782, nor does it contain the list of responsive verdicts submitted to the jury by the trial judge, La.C.Cr.P. art. 809, nor does it affirmatively show that the foreman signed the verdict on the back of the list of responsive verdicts, La.C.Cr.P. art. 810.
The defendant relies upon the absence of an affirmative showing in the record rather than upon any evidence to support her contentions. No objection was made at the time as to any irregularity now complained of. See La.C.Cr.P. art. 841.
The verdict itself is signed "Guilty as charged" by "Donald Wayne Kelley". A fair reading of the minutes and the evidence at the time of the verdict shows him to be the petit jury foreman. Tr. 10-11(I), 91(II).
In the absence of objection at the time, La.C.Cr.P. art. 841, and of formal assignment of error or bill of exception, La. C.Cr.P. art. 920(1), this court cannot review the record except for errors discoverable on the face of the pleading and proceedings and without inspection of the evidence. La.C.Cr.P. art. 920(2).
If no objection is made at the time, any deficiency in the responsive verdicts cannot be availed of after the verdict. The list of responsive verdicts is not regarded as a pleading or proceeding subject to review in the absence of objection. State v. Craddock, 307 So.2d 342 (La.1975). Under the cited code provisions, a belated attack on the verdict on such a ground, when the trial court can no longer correct the alleged deficiency, cannot be considered.
Likewise, the minute entry indicates that the jury returned a verdict of guilty as charged. For purposes of appellate review, in the absence of objection at the time, this constitutes adequate compliance with the procedural requirements of La.C. Cr.P. art. 811. State v. Franks, 284 So.2d 584 (La.1973). The minutes show that the defendant's counsel did not request but instead waived a polling of the jury, La.C. *334 Cr.P. art. 812, nor was any objection made at the time to the procedure utilized.

Decree
Finding no error, we affirm the conviction and sentence.
Affirmed.