399 So.2d 1174 (1981)
STATE of Louisiana
v.
Wilson GAGE.
No. 80-KA-2472.
Supreme Court of Louisiana.
June 5, 1981.
*1175 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Alan Dussouy, Asst. Dist. Attys., for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
PER CURIAM.
Defendant Wilson Gage was charged by grand jury indictment with two counts of distribution of heroin in violation of La.R.S. 40:966(A)(1), Acts 1973, No. 207, § 3. After trial before a jury on February 9, 1976, he was found guilty as charged on both counts. The trial court sentenced him on each count to life imprisonment at hard labor, the sentences to run consecutively. On February 15, 1980, we granted the defendant leave to proceed with an out-of-time appeal. He is now before the Court, urging by a single assignment of error that the trial court's sentencing reasons do not adequately explain the sentences imposed.
The record does not contain a full statement of the trial court's sentencing reasons. The trial court, having strongly condemned the drug traffic and its serious effect on society, did indicate that it felt it had "no control" over the penalties under the statute. On the basis of these brief remarks made at the hearing, a fuller explanation from the trial court of the sentences imposed appears necessary in two respects: eligibility of the defendant for probation under the appropriate law in effect at the time of the offenses, see, State v. Foret, 380 So.2d 62 (La.1980); State v. Whitehurst, 319 So.2d 907 (La.1975); and the availability of concurrent, as opposed to consecutive sentences, under La.C.Cr.P. Art. 883.
Accordingly, we affirm defendant's convictions but vacate the sentences imposed and remand the case for resentencing in conformity with the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1.
CONVICTIONS AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.
LEMMON, J., dissents with reasons.
LEMMON, Justice, dissenting.
The trial judge, while commenting that he had "no control" over a life sentence for distribution of heroin, chastized defendant about the havoc caused by the "commodity you deal with on the streets" and imposed consecutive life sentences.[1] Since the judge demonstrated his intent to punish severely and stated the reasons therefor, there is no reasonable basis to suppose that the judge was unaware he could suspend the sentence or that he erroneously believed he was required to impose consecutive sentences.
Inasmuch as the trial judge did not abuse his discretion by imposing consecutive sentences and clearly intended to do so, I would affirm the sentences.
NOTES
[1] Under the law in effect at the time of this offense defendant was eligible for parole on a life sentence.