DOUCET, Judge.
On August 16, 1982 defendant, Rickey G. Lewis, pleaded guilty to two counts of simple burglary, a violation of LSA-R.S. 14:62. A presentence investigation was deferred until October 7, 1982. At the time of the imposition of sentence the Defendant informed the Court that he had three prior convictions, all of which he was on probation for and two other sentences which were to begin to run consecutively.
The crime of simple burglary is defined as the “unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.” The penalty for violation LSA-R.S. 14:62 is set forth as follows:
B. Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.
The trial judge sentenced defendant to eight years imprisonment at hard labor on each count, with the sentences to run consecutively. No mention was made of the effect of these sentences on the two prior two-year consecutive sentences.
The scope of appellate review in criminal cases is governed by LSA-C.Cr.P. Art. 920, which states:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
Although briefs were filed by both the defendant and the state in this appeal, arguing whether the defendant’s sentence is unconstitutionally excessive, the defendant did not file any assignments of error in this appeal. In State v. Cox, 369 So.2d 118 (La.1979), the Louisiana Supreme Court ruled that no technical objection is required to be made at the time of sentencing to preserve the issue of excessiveness of sentence for appellate review, when that issue is raised by assignment of error. State v. Gist, 369 So.2d 1339 (La.1979); State v. Dye, 384 So.2d 420 (La.1980); State v. Daranda, 388 So.2d 759 (La.1980). In the case at bar, neither the court minutes nor the transcript of the sentencing hearing reflect *127 that defendant objected to his sentence as being excessive. Therefore, to preserve this issue for appellate review, an assignment of error must have been filed. In State v. Mouton, 319 So.2d 331 (La.1975), the court ruled “that in the absence of objection at the time, La.C.Cr.P. Art. 841, and of formal assignment of error or bill of exception, La.C.Cr.P. Art. 920(1), this court cannot review the record except for errors discoverable on the face of the pleading and proceedings and without inspection of the evidence. La.C.Cr.P. Art. 920(2).” State v. Price, 274 So.2d 194 (La.1973). Therefore, this Court’s review is limited to a “mere inspection of the pleadings and proceedings.”
The following is a checklist of the possible errors patent on the face of the record which might be applicable in this appeal:
1. Defendant’s presence at his arraignment and when he entered his plea of guilty to the charge against him. LSA-C.Cr.P. Art. 813.
2. The defendant must plead in person in a felony ease. LSA-C.Cr.P. Art. 553.
3. Proper delays for sentencing must have passed or the defendant must have voluntarily waived such delays. LSA-C.Cr.P. Art. 873.
4. There must be a legal sentence imposed, i.e., one within the statutory limits, to be distinguished from an excessive sentence. State v. Jones, 341 So.2d 3 (La.1976).
5. The bill of information must be signed by a district attorney. LSA-C.Cr.P. Art. 384.
6. The substantive statute must not be unconstitutional.
A review of the record will show that none of these six possible errors are present in this appeal. The court minutes reflect the following:
1.The defendant was present at his arraignment, when he pleaded guilty to the charge, and that no one but the defendant entered the plea of guilty.
2. LSA-C.Cr.P. Art. 873 states, in part, that “if the defendant expressly waives a delay provided for in this article, or pleads guilty, sentence may be imposed immediately.” However, in this appeal, the guilty plea was accepted on August 16, 1982, and the defendant was not sentenced until October 7, 1982. Therefore, there is no error under the provisions of this article.
3. The trial judge imposed a sentence of eight years on each count of simple burglary against the defendant. Under LSA-R.S. 14:62, the maximum penalty for the violation of this statute is twelve years at hard labor, a fine of two thousand dollars, or both. Thus, the sentence imposed by the trial judge is within the statutory limits.
The record also reflects that the bill of information was signed by an assistant district attorney. Hence, this requirement is satisfied. Finally, LSA-R.S. 14:62 is not constitutionally defective.
Having reviewed this appeal for errors patent on the face of the record, and having found none, the defendant’s conviction and sentence are affirmed.
AFFIRMED.