438 So.2d 1183 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
James Michael PYRON, Defendant-Appellant.
No. CR83-96.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
*1184 David L. Wallace, Evans, Bradley, Wallace & O'Neal, DeRidder, for defendant-appellant.
W.C. Pegues, III, Dist. Atty., DeRidder, for plaintiff-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
DOMENGEAUX, Judge.[*]
The defendant, James Michael Pyron, was charged by bill of information with one count of simple escape, a violation of La. R.S. 14:110(A). Following the defendant's plea of not guilty and not guilty by reason of insanity, he was tried before a six member jury, which rendered a verdict of guilty as charged. Subsequently, the trial judge obtained a pre-sentence report on the defendant and thereafter sentenced him to the maximum sentence allowed under the statute, five years at hard labor with the Louisiana Department of Corrections, such sentence to run consecutively to any sentences being presently served. The defendant appeals the sentence imposed by the district court, alleging but one assignment of error, e.g., that the trial court's sentencing of the defendant to the maximum sentence allowed by law constituted an imposition of an excessive sentence in violation of Article 1, Section 20 of the Louisiana Constitution of 1974.[1]
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court determined that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable on appellate review of his conviction. A sentence has been determined to be constitutionally excessive when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir. 1983); State v. Reed, 409 So.2d 266 (La. 1982). However, due to the trial judge's unique position of viewing subjective factors not available on appeal, he is given a wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. Sepulvado and Goodman, supra; State v. Howard, 414 So.2d 1210 (La.1982); State v. Bradley, 414 So.2d 724 (La.1982).
The record indicates that the defendant, along with two fellow inmates at the Louisiana Correctional and Industrial School in Beauregard Parish, Louisiana, scaled the fence at that facility on the evening of June 27, 1982. Pyron was later captured in the early morning hours of June 29, 1982, alongside U.S. Highway 171, approximately one-half mile south of Longville, Louisiana.
The facts disclosed by the trial judge during the sentencing proceedings indicate further that the defendant had been previously convicted in Monroe, Louisiana, in 1980, on a charge of simple burglary, for which he received a five year suspended sentence and was put on five years probation. However, his probation was revoked in April, 1982, and he was sent to Louisiana Correctional and Industrial School on June 1, 1982. His escape took place some 26 days later.
*1185 During the proceedings in which Pyron was sentenced, the district judge noted that he felt that the defendant had put on an act during his trial in order to feign insanity, and that he personally felt that Pyron had been trying to perpetrate a fraud on the court. Thereafter, the defendant was allowed to make a statement to the court, and soon, a heated verbal exchange took place between the defendant and the district judge, with the defendant berating the judge with several obscenities. It culminated with the judge ordering the defendant to be gagged in order that sentence could be pronounced.
In support of his assignment of error, the defendant asserts that the trial court carried forth a sentence of five years, rather than a lesser sentence as was given to the other two men who had escaped with him, simply because of his abusive outburst during the sentencing proceedings and because he had chosen to enter a plea of not guilty rather than to plead guilty as his fellow escapees had done. Upon this basis, the defendant concludes that his sentence is excessive and that his case should be remanded for further sentencing proceedings.
We are unable to agree with the defendant's argument. As was stated earlier, a trial judge's decision to impose a sentence within statutory limits should not be disturbed on appeal in the absence of a manifest abuse of discretion. Sepulvado, supra. We are unable to find any such manifest abuse in this case. In addition, we note that there is nothing in the law that requires a sentencing judge to treat co-defendants equally. State v. Rogers, 405 So.2d 829 (La.1981).
For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, Judge, concurring.
Although I authored the majority opinion, I again feel that it is necessary for me to reiterate the position that I stated previously in my concurring opinions in State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir. 1983), and State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), writ denied, that our new constitution does not provide for nor mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), handed down by this Court on this date.
NOTES
[*] For the reasons stated therein, the author of this opinion has also filed a concurring opinion.
[1] Article 1, Section 20 of the La. Const. of 1974 states:

"No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."