445 So.2d 195 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Ricky LEWIS, Defendant-Appellant.
No. CR82-718.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Writ Denied March 16, 1984.
Edwin O. Ware, Jr., Dist. Atty., Guy Humphries, Camille Giordano, Asst. Dist. Attys., Alexandria, for plaintiff-appellee.
Evelyn Oubre, Rogers, St. Romain & Oubre, Lake Charles, for defendant-appellant.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOUCET, Judge.
On August 16, 1982, defendant, Ricky Lewis, pleaded guilty to two counts of simple burglary, a violation of LSA-R.S. 14:62. Before sentencing, the Court ordered a presentence investigation conducted. On October *196 7, 1982, the Court imposed a sentence of eight years for each count, with the sentence to run consecutively. Subsequently, the defendant filed an appeal in this Court, urging as error the excessiveness of his sentence. Despite this Court's correspondence to the defense counsel of record, on two separate occasions, no formal assignments were ever made a part of the appellate record before the Court. LSA-C.Cr.P. art. 844.
The jurisprudence of this state requires a formal assignment of error to preserve the issue of excessiveness of sentence for appellate review. State v. Cox, 369 So.2d 118 (La.1979). In State v. Mouton, 319 So.2d 331 (La.1975), the court ruled "that in the absence of objection at the time, LSA-C.Cr.P. art. 841, and of formal assignment of error or bill of exception, LSA-C.Cr.P. art. 920(1), this Court cannot review the record except for errors discoverable on the face of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. art. 920(2). Accordingly, on April 13, 1983, after reviewing the case for errors patent on the face of the record, this Court rendered its opinion affirming the defendant's convictions and sentences. 431 So.2d 125.
The defendant secured the services of a new attorney for the purposes of filing writs of certiorari to the Louisiana Supreme Court from the affirmance of his conviction by this Court. Defendant's writ application was granted on September 16, 1983, 437 So.2d 1144, and the matter was remanded to this Court for a decision as to the issue of excessiveness of defendant's sentence after permitting the defendant to file an assignment of error in accordance with law. The defendant has since perfected one assignment of error, to wit: that the sentence imposed upon the defendant was excessive.
The facts involved in this case are discernible only from the transcript of the proceedings of the defendant's guilty plea. The defendant admitted that he committed two separate burglaries of two different vehicles upon two distinct occasions, and that he suffered from a severe drug and alcohol abuse problem. At the time of the offense charged herein defendant was only eighteen years old, free on bail pending other burglary charges against him. His co-defendant, James Clark, estimated the appellant had been involved in over 100 burglaries in the central Louisiana area.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court determined that the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable on appellate review of his conviction. A sentence has been determined to be constitutionally excessive when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Reed, 409 So.2d 266 (La.1982). However, due to the trial judge's unique position of viewing subjective factors not available on appeal, he is given a wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Pyron, 438 So.2d 1183 (La.App. 3rd Cir.1983); State v. Howard, 414 So.2d 1210 (La.1982).
Before sentencing, the defendant informed the trial judge that he had previous sentences pending against him, i.e., "one year with five years probation and go to a drug rehab for five years. And in Leesville, I've got two years .... run consecutive." The trial judge noted that the defendant had a history of criminal behavior with his pleading guilty to the reduced charge of simple burglary, and that he had been arrested for burglaries in Grant and Vernon parishes. He also noted that while out on bond on these charges, the defendant had continued to commit burglaries in Rapides Parish. Recognizing that defendant had a drug and alcohol problem, he found that defendant had no employment record. The Court also found that there were no mitigating circumstances whatsoever *197 which would have indicated the defendant might have changed his conduct if leniency had been granted. Thus, the trial judge sentenced defendant to serve eight years at hard labor for each count, with the sentences to run consecutively.
Where the defendant is convicted of two or more offenses based on a common scheme, the terms of imprisonment shall be served concurrently unless the court expressly directs the sentence be served consecutively. LSA-C.Cr.P. art. 883. Although not required, the sentencing judge should explain the reasons for imposition of consecutive sentences. State v. Gage, 399 So.2d 1174 (La.1981). Concurrent rather than consecutive sentences are the general rule for convictions arising out of a single course of action at least for a defendant without a previous criminal record and in the absence of a showing that the public safety requires a longer sentence. State v. Ortego, 382 So.2d 921 (La. 1980); State v. Underwood, 353 So.2d 1013 (La.1977). Consecutive sentences are not per se excessive, rather other factors must be considered. State v. Molinario, 400 So.2d 596 (La.1981).
The maximum penalty for simple burglary is a fine of two thousand dollars, imprisonment, with or without labor, for not more than twelve years, or both. LSA-R.S. 14:62. Thus, each sentence imposed by the trial judge was within the statutory limit for this crime. As aforementioned, the defendant has a long record of criminal activity. It cannot be said that the penalties imposed in this case are not so disproportionate to the severity of the crimes involved as to shock this court's sense of justice. As was stated earlier, a trial judge's decision to impose a sentence within statutory limits should not be disturbed on appeal in the absence of a manifest abuse of discretion. Pyron, supra. We are unable to find any manifest abuse in this case. Accordingly, defendant's sentence is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurring.
I agree with the affirmation of this sentence, but feel, with all due respect, that if La.C.Cr.P. 841 were correctly followed, this appeal should have been put to rest with our April 13, 1983, opinion. La.C.Cr.P. 841 is clear and unambiguous. If a sentence is excessive, how can we say that its imposition is not an "irregularity" or "error" under 841, requiring an objection and assignment of error contemporaneously? No where in 841 or the official revision comments thereunder do I perceive the faintest hint which would exempt a displeased defendant from objecting contemporaneously to his sentence, in order to reserve his appeal rights on that subject.
I concur further to again state my disagreement with the jurisprudence on the necessity of reviewing sentences for excessiveness so long as the sentence is within statutory limitations. See my concurring opinions in State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), writ denied (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983).