DOMENGEAUX, Judge.
On January 10, 1980, the defendant, Willie W. Jones, was charged by Grand Jury indictment with armed robbery, a violation of La.R.S. 14:64. On October 22, 1980, a twelve person jury found the defendant guilty as charged. On January 21, 1981, the defendant was sentenced to serve 12 years at hard labor.
The defendant was granted an out of time appeal on application for writ of habe-as corpus because an appeal of this conviction had not been perfected by defendant’s court-appointed trial counsel. Defendant’s newly-appointed appellate counsel filed an appellate brief containing three assignments of error. However, no formal assignments by defendant’s appellate counsel were ever made a part of the appellate record before the Court as required by La.C.Cr.P. Arts. 844 and 916. Although defendant was allowed to file an out of time appeal which necessarily included an out of time filing for assignments .of error, defendant did not file any assignments of error within the time permitted by law. State v. Lewis, 445 So.2d 195 (La.App. 3rd Cir.1984).
The statutory law and jurisprudence of this State require the filing of a formal assignment of error to preserve issues urged on appeal. State v. Cox, 369 So.2d 118 (La.1979). In State v. Mouton, 319 So.2d 331 (La.1975), the Louisiana Supreme Court ruled “that in the absence of objection at the time, La.C.Cr.P. Art. 841, and a formal assignment of error * * * La.C. Cr.P. Art. 920(1), this Court cannot review the record except for errors discoverable on the face of the pleadings and proceedings and without inspection of the evidence. La.C.Cr.P. Art. 920(2).” Argument concerning assignments of error in appellate brief alone is insufficient to satisfy the requirements of La.C.Cr.P. Art. 920(1). Consequently, this case will only be reviewed for errors patent on the face of the *30 record. State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983).
The defendant was indicted by a grand jury on March 18, 1982. The indictment was signed by the foreman of the grand jury and is proper in form.[1]
On January 23, 1980, the defendant, accompanied by counsel, waived formal arraignment and entered a plea of not guilty. The court minutes reflect that the defendant was present during selection of the jury, at all times during the trial, and was present when judgment was rendered.
The defendant was tried before a twelve person jury on a charge of violating La. R.S. 14:64 which necessarily requires a twelve person jury. He was found guilty as charged.
On January 21, 1981, the defendant was sentenced. The minutes reflect the sentence imposed.
There is no question presented herein as to the constitutionality of La.R.S. 14:64. We find no errors committed by the trial court which are patent on the record.
DECREE
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. In State v. Jack, 285 So.2d 204 (La.1973), the Supreme Court stated that the endorsement "A True Bill" may be typed before it is signed by the foreman.