MARVIN, Judge.
Having bargained to plead guilty to a lesser charge of possession of marijuana at a parish correctional institute, defendant appeals his sentence to one year in jail to be served consecutively to the sentence he was serving when arrested on the possession charge. LRS 14:402(C).
The record refutes defendant’s contentions that the sentencing guidelines of CCrP Art. 894.1 were not followed and that the sentence is constitutionally excessive. LSA-Const. Art. 1, § 20.
On October 21, 1983, defendant began serving a two year jail sentence for a theft of property valued at over $500. LRS 14:67. About a month later defendant was allowed to'leave the jail on a temporary pass. When he returned, a strip search of defendant revealed he had concealed a bag of marijuana and rolling papers in his underwear. Defendant said he was given $30 by two other inmates to obtain the marijuana for them.
Defendant was initially charged with possession with intent to distribute, a 10-year hard labor charge under LRS 40:966. He was allowed to plead guilty to possession under LRS 14:402(C) which imposes a maximum of five years, with or without hard labor.
A PSI report was furnished the court. Additionally, the trial judge articulated several 894.1 factors which support the sentence.
The trial court stated:
[That defendant] ... plead guilty to unauthorized use of a moveable and [was] sentenced to 60 days in the Ouachita Parish jail [in 1981] ... plead guilty to theft of property valued over $500.00 ... and [was] sentenced to two years without hard labor [in 1983] ...
I find that this is a very serious crime and that the defendant would introduce drugs into a penal institution, mitigating circumstances, I find that [he] has a limited education, completing the eleventh grade. He was raised without a father image, mother was indicated as a hard worker and a very good parent. Aggravating circumstances I find that his age is 20 and he cannot be classified as a youthful offender. He is a second felony offender and is not eligible for any type of probation. He was serving time when the present offense occurred and his past involvement with the judicial system were to no avail as a deterrent. The sentence of this Court is that you be sentenced to one year without hard labor. It will not run concurrently, it will run consecutively.
The trial court’s statements show that the guidelines of Art. 894.1(A) and (B) were considered. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied.
Sentences are to run consecutively unless the sentencing court expressly directs that they be served concurrently. CCrP Art. 883. A trial court’s wide discretion in this area will not be disturbed unless it is clearly abused. State v. Molinario, 400 So.2d 596 (La.1981). A consecutive sentence is not per se excessive. State v. Lewis, 445 So.2d 195 (La.App. 3d Cir.1984), writ denied. The trial court explained that the sentence was to be consecutive because the defendant’s past involvement with the criminal process had not deterred defendant’s criminal activity even while serving time.
The one year consecutive sentence is not excessive and is AFFIRMED.