LOBRANO, Judge.
Defendant, Huey Pruitt, was charged by bill of information with the September 27, 1983 and November 7, 1983, armed robberies of Bruce Campbell, owner of Poppy’s Poboys, a violation of LSA R.S. 14:64.[1] On January 6, 1984, defendant was arraigned and pled not guilty to both counts. Trial was held on May 3 and May 4, 1984 and defendant was found guilty as charged on both counts by a twelve person jury. On May 17, 1984, defendant was sentenced to serve ninety-nine (99) years at hard labor on each count consecutively without benefit *493 of probation, parole or suspension of sentence.
FACTS:
On September 27, 1983, Bruce Campbell, owner of Poppy’s Poboys, 1803 Louisiana Avenue, was locking the door to his business when defendant approached him from behind. Defendant pointed a gun at Campbell’s head and pushed him inside. While defendant held his gun on Campbell, an accomplice took money from a cash drawer and cabinet and the gold chain from around Campbell’s neck. Both defendant and his accomplice then fled the scene. Campbell then telephoned the police. He gave a description of the perpetrators and the weapon to the investigating officer, Wheeler Sullivan.
Approximately two months later at 1:30 p.m. on November 7, 1983, defendant and the same accomplice again entered Poppy’s Poboys. Defendant held a gun on Bruce Campbell and his employee William Rozigas. Rozigas bolted for the rear door. Defendant’s accomplice pursued Rozigas and a struggle ensued. Defendant struck Campbell in the face. Between eighty (80) and eighty-five (85) dollars was taken and defendant and his accomplice fled the scene. Campbell was certain both robberies were perpetrated by the same men. Both he and Rozigas provided descriptions of the perpetrators and the weapon to police.
Officer Gerard Dugue conducted a photographic lineup. Both Campbell and Rozi-gas positively identified defendant as one of the perpetrators of the November 7, 1983 robbery. Campbell positively identified defendant as one of the perpetrators of the September 27, 1983 robbery.
Defendant testified at trial. He denied committing either robbery. He did not remember his whereabouts on September 27, 1983 but claimed he was at Charity Hospital in New Orleans on November 7, 1983 having a cast removed from his arm. Charity Hospital records introduced at trial revealed defendant’s cast was removed at 10:00 a.m.
In his appeal before this Court defendant asserts the trial court erred in sentencing him to the maximum sentence on each count and in making the sentences consecutive rather than concurrent.
Code of Criminal Procedure Article 883 provides:
“If the defendant is convicted of two or more offenses based on the same act or transaction, ’ or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.”
The language of Article 883 clearly enunciates that if the defendant is convicted of two or more offenses, the sentences shall run consecutively, unless the offenses are based on the same act or transaction or, constitute parts of a common scheme or plan. The two armed robberies committed by defendant are not based on the same act or transaction nor do they constitute parts of a common scheme or plan. Although the same establishment was robbed on two occasions by defendant, the robberies occurred approximately six weeks apart. Therefore, the requirement for concurrent sentences under Article 883 does not apply.
Furthermore, defendant argues that absent special circumstances, concurrent rather than consecutive sentences are the norm for crimes arising out of a single incident or spree.[2] Concurrent sentences are the general rule only for a defendant without a previous criminal record and where the public safety does not require a *494 longer sentence. State v. Lewis, 445 So.2d 195 (La.App. 3rd Cir.1984), writ denied 446 So. 2d 1231.
Our Supreme Court has held that consecutive sentences are not per se excessive; other factors must be considered. State v. Williams, 445 So.2d 1171 (La.1984); State v. Molinario, 400 So.2d 596 (La.1981); State v. Ortego, 382 So.2d 921 (La.1980).
Other factors such as the defendant’s criminal history, his propensity for violence and the nature of the offense, must be considered. State v. Pollard, 438 So.2d 1208 (La.App. 3rd Cir.1983).
In the instant case, the trial court stated defendant had a previous conviction for armed robbery (reduced from two counts of armed robbery) and, in addition, relied on the facts of the successive robberies in the instant convictions to sentence defendant to consecutive terms.[3]
Defendant asserts that the maximum sentences imposed are excessive.
The Louisiana Constitution of 1974, Art. 1, Sec. 20 prohibits the imposition of excessive punishment. A sentence is unconstitutionally excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980). Some of the factors to be considered are the nature of the offender and the offense (i.e., the culpability and character of the offender and the harm caused or threatened to the victim). State v. Telsee, supra.
In sentencing a defendant, the trial court must indicate the factors it has considered in imposing the sentence. Louisiana Code of Criminal Procedure Article 894.1 sets forth the criteria to be used by the trial court in its sentencing determination. Although not required, the trial court should explain the reasons for imposing consecutive sentences. State v. Lewis, supra.
The trial court need not articulate every factor but it must indicate that it has considered the 894.1 guidelines, both aggravating and mitigating, in tailoring a particular sentence for a particular defendant convicted of a particular crime. State v. Lathers, supra; State v. Guiden, 399 So.2d 194 (La.1981) cert. denied, Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
In complying with Article 894.1, the trial judge is given great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Bradley, 414 So.2d 724 (La.1982). The reviewing court, however, should determine whether the sentence imposed is too severe in light of the particular defendant and the particular crime with maximum sentences being reserved for the most egregious and blameworthy of offenders within a class. State v. Lathers, supra; State v. Telsee, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982), affirmed on remand 446 So.2d 1210 (La.1984).
In the instant case defendant asserts that since the only harm which occurred was that the victim was struck in the face and no serious bodily harm occurred during the perpetration of either the previous armed robbery or during the two robberies which are the subject of this appeal, that the maximum sentences are excessive. There is nothing in the law, either statutory or jurisprudential which mandates that serious violence (death or great bodily injury) must have occurred for the maximum sentence to be imposed. On the contrary, it is enough that harm to the victim was threatened. State v. Telsee, supra.
The function of consecutive sentences is similar to the sentence imposed on habitual *495 or dangerous offenders. State v. Sherer, 437 So.2d 276 (La.1983). Persons who make crime a way of life certainly fall within the class of “the most egregious and blameworthy of offenders”.
In numerous cases this Court has upheld maximum sentences imposed for armed robbery.[4] Our Supreme Court has also affirmed maximum sentences in armed robbery convictions in State v. Donahue, 408 So.2d 1262 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980); State v. Curtis, 363 So.2d 1375 (La.1978). In Quebedeaux, supra, defendant was convicted of burglary and was sentenced to (12) twelve years at hard labor, the maximum penalty which could have been imposed under LSA R.S. 14:62. In reviewing that sentence for ex-cessiveness, the high Court found defendant’s record categorized him as one of the worst kind of offenders. Defendant’s record contained only one previous felony for simple burglary,[5] yet, defendant’s record showed he led a life of crime.
A review of the record indicates the trial court adequately complied with C.Cr.P. Art. 894.1. The sentences imposed by the trial court are within the statutory limit for armed robbery. The defendant has a long history of criminal activity. It cannot be said that the sentences imposed are so disproportionate to the severity of the crimes involved as to shock this Court’s sense of justice. The record before us leaves no doubt that the defendant is a dangerous and incorrigible criminal. In view of defendant’s previous record and his propensity for crime, incarceration for the maximum term allowable for each conviction is not an abuse of discretion.
These assignments of error are without merit.
ERRORS PATENT:
A review of the record reveals that the trial court failed to wait twenty-four (24) hours after denying defendant’s motion for a new trial before sentencing the defendant. Code of Criminal Procedure Article 893 mandates that sentence shall not be imposed until at least twenty-four (24) hours after a motion for a new trial is overruled. However, failure of the trial court to delay sentencing for twenty-four (24) hours is harmless error absent a showing that such failure caused the defendant to suffer some actual prejudice. State v. Brogdon, 426 So.2d 158 (La.1983); State v. White, 404 So.2d 1202 (La.1981). Defendant has made no such showing in this case. This error is harmless. State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir. 1984).
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA R.S. 14:64:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.

. Defendant relies on State v. Farria, 412 So.2d 577 (La.1982); State v. Underwood, 353 So.2d 1013 (La.1977).

. See, State v. Williams, supra; State v. Murdock, 416 So.2d 103 (La.1982); State v. Rivers, 446 So.2d 913 (La.App. 1st Cir.1984); State v. Lewis, supra.

. State v. Wilson, 452 So.2d 773 (La.App. 4th Cir.1984); State v. Nelson, 449 So.2d 161 (La. App. 4th Cir.1984); State v. Harrison, 446 So.2d 423 (La.App. 4th Cir.1984); State v. Roberson, 445 So.2d 12 (La.App. 4th Cir.1983); State v. Johnson, 443 So.2d 744 (La.App. 4th Cir.1983); State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir.1983).

. Quebedeaux, supra at 1014, footnote 7. "Defendant had juvenile delinquency adjudications in 1962 and 1964, a misdemeanor conviction in 1966 for theft for value less than $20, and then in 1967 his only prior felony conviction for two counts of simple burglary, when he was probably around nineteen years old. His record shows no convictions of any sort for an eleven year period through 1977 when he had a misdemeanor conviction for hit and run and at some unspecified time thereafter, a deferred sentence and unsupervised probation for a misdemeanor conviction for simple battery.”