STOKER, Judge.
The defendant Jane Ann Norman was indicted on two counts of first degree murder for her participation in the murder of her mother and grandmother in Rapides Parish. As a result of plea bargaining, the defendant entered a plea of guilty to two counts of manslaughter. The judge ordered a presentence investigation and report. After an evidentiary hearing, the judge sentenced Jane Ann Norman to serve twenty-one years for each count of manslaughter, and ordered that the sentences run consecutively.
The defendant complains that her sentence is excessive, that the court erred in imposing consecutive, rather than concurrent sentences, and that the trial court failed to comply with the sentencing guidelines in LSA-C.Cr.P. art. 894.1. Since we find no abuse of judicial discretion, we affirm.
FACTS
A full recital of the facts appear in State v. Dennard, 482 So.2d 1067 (La.App. 3d Cir. 1986). Suffice it to say here that Jane Ann Norman and her boyfriend Richard Den-nard brutally murdered her mother and grandmother.
SENTENCING GUIDELINES
The thrust of defendant’s argument is that the sentence was excessive because the court directed that it be served consecutively instead of concurrently. Only a brief remark concerning LSA-C.Cr.P. 894.1 appears in defendant’s brief. The trial judge ordered a presentence investigation and report. He presided over an evidentiary hearing before sentencing and it is clear from the record of the sentencing proceeding that the guidelines were followed. His remarks indicate that he considered in detail the individual concerned. The reasons for the guidelines and the requirement that they be articulated by the trial court is to ensure that the sentence is particularized to the individual and that the rationale can be reviewed. In the case before us this criteria is met, therefore we need only decide if the trial court has manifestly erred in imposing an apparently severe sentence.
EXCESSIVE SENTENCE
This court explained in State v. Lewis, 445 So.2d 195 (La.App. 3d Cir.1984), writ *1070 denied, 446 So.2d 1231 (La.1984) at page 196:
“In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court determined that the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable on appellate review of his conviction. A sentence has been determined to be constitutionally excessive when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Reed, 409 So.2d 266 (La.1982). However, due to the trial judge’s unique position of viewing subjective factors not available on appeal, he is given a wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Pyron, 438 So.2d 1183 (La.App. 3rd Cir.1983); State v. Howard, 414 So.2d 1210 (La. 1982).”
While Norman’s sentence is long it does not necessarily follow that it is also apparently severe.
Norman was convicted of two counts of manslaughter. LSA-R.S. 14:31 provides that manslaughter is punishable by imprisonment at hard labor for not more than twenty-one years. The judge sentenced Norman to the maximum provided under this statute, a total of forty-two years.
LSA-C.Cr.P. art. 883 provides:
“If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.”
The trial judge clearly has the authority to direct that a sentence be served consecutively or concurrently. The comments to this article indicate that the details expressed therein provide a rule of construction to be applied when a court neglects to indicate the manner in which a sentence is to be served.
This court further explained in State v. Lewis, supra, at page 197:
“Although not required, the sentencing judge should explain the reasons for imposition of consecutive sentences. State v. Gage, 399 So.2d 1174 (La.1981). Concurrent rather than consecutive sentences are the general rule for convictions arising out of a single course of action at least for a defendant without a previous criminal record and in the absence of a showing that the public safety requires a longer sentence. State v. Ortego, 382 So.2d 921 (La 1980) [cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed. 58 (1980)]; State v. Underwood, 353 So.2d 1013 (La.1977) [appeal after remand, 365 So.2d 1339 (La.1978)]. Consecutive sentences are not per se excessive, rather other factors must be considered. State v. Molinario, 400 So.2d 596 (La.1981).”
The trial judge was aware that the defendant had no previous record and that the two murders took place on one evening. He explained that the crimes committed were heinous, senseless, and without provocation. Two individuals lost their lives as a result of Norman’s actions. He found that Norman was a threat to the community and that the maximum sentence was justified by the circumstances.
The record supports the sentence imposed by the trial court. We affirm.
AFFIRMED.