LABORDE, Judge.
Defendant, Wayne Davis, pleaded guilty to distribution of a Schedule II controlled dangerous substance and possession with intent to distribute a Schedule II controlled dangerous substance, in violation of LSA-R.S. 40:967A(1) and B(l). On June 30, 1986, defendant was sentenced to eight years at hard labor on each charge, sentences to run consecutively. He now appeals based on three assignments of error.
FACTS
On September 16, 1985, the defendant, Wayne Davis, knowingly and intentionally distributed cocaine, a Schedule II controlled dangerous substance, to state trooper Travis Wiley. On October 1, 1985, the defendant knowingly and intentionally possessed cocaine. He was arrested and charged with violating LSA-R.S. 40:967A(1) and B(l). In a connected incident, defendant was charged with conspiracy to commit armed robbery, a violation of LSA-R.S. 14:26 and 14:64.
The defendant pleaded guilty to the above drug offenses and the prosecutor dismissed the third charge of conspiracy to commit armed robbery.
ASSIGNMENTS OF ERROR
“1. The trial court erred in imposing an excessive sentence upon appellant in violation of Article One, section 20 of the Louisiana Constitution.
2. The trial court erred in failing to follow the sentencing guidelines contained in Article 894.1 of the Louisiana Code of Criminal Procedure.
3. The state appointed counsel that represented the Appellant who failed to advise Appellant correctly to the fullest extent of the law, being a first offender.”
NOTE: Appellant’s Assignment of Error No. 2 is covered first and is labeled as our Assignment of Error No. 1. Appellant’s Assignment of Error No. 1 is covered second and is labeled Assignment of Error No. 2.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant contends that the trial court erred in failing to follow the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
A trial court need not articulate every aggravating and mitigating circumstance if the court indicates that it has considered those guidelines in particularizing the sentence to the offender. State v. Gulden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
Even where the sentencing guidelines are not complied with, the case will not be remanded for re-sentencing if the record clearly illumes support for the sentencing choice. State v. Cox, 369 So.2d 118 (La.1979).
*731 In the instant case, the LSA-C.Cr.P. art. 894.1 sentencing guidelines were not strictly followed. The trial judge made no mention of consideration of probation or suspension of sentence, nor the need for a custodial environment, nor the fact that a lesser sentence would deprecate the seriousness of this crime.
The record here, however, clearly supports the sentencing choice. The record indicates that the trial judge considered the defendant’s youth, education and the fact he had no previous felony convictions. Here the defendant received the benefit of plea bargaining for a dismissal of a conspiracy to commit armed robbery charge. Defendant’s arrest record was extensive and reveals a prior history of arrests for violent crimes. Defendant had been arrested for forcible rape, battery on his wife, nonsupport, issuing worthless checks and unauthorized entry of an inhabited dwelling. We note that as of trial, defendant had not been previously convicted.
In sentencing, a trial court can consider the fact that defendant made a plea bargain. State v. Lanclos, 419 So.2d 475 (La.1982). Furthermore, the trial court can consider criminal activity not leading to a conviction. State v. Brown, 410 So.2d 1043 (La.1982).
The record here taken as a whole clearly supports the trial judge’s sentencing even though the trial judge did not strictly comply with the sentencing guidelines in Article 894.1. Furthermore, the sentence imposed was not apparently severe in relation to the potential sentence, 8 years for each offense where he could have received 30 years and a $30,000.00 fine, strict compliance with C.Cr.P. art. 894.1 was not necessary; therefore, this assignment of error lacks merit. State v. Sims, 410 So.2d 1040 (La.1982).
ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant contends that the trial court erred by imposing an excessive sentence on him, violating his La. Const. Art. 1 sec. 20 rights against “cruel and unusual or excessive sentences.”
The defendant received two consecutive eight-year sentences, one for distribution of a controlled dangerous substance, the other for possession of a controlled dangerous substance with intent to distribute. Under LSA-R.S. 40:967A(l) and B(l) the defendant could receive a minimum of five years to a maximum of thirty years and a fine of up to $15,000 dollars for each of these offenses. The eight-year sentences defendant received were in the lower range of possible penalties for these crimes. In State v. Sepulvado, 367 So.2d 762 (La.1979), the court held that it could review a sentence for excessiveness even if it was within the statutory limits.
Under some circumstances the imposition of any term of imprisonment may be an excessive sentence. State v. Stroud, 438 So.2d 1172 (La.App.3d Cir.1983). In Stroud the defendant had received a three-year sentence for possession of marijuana with intent to distribute. In vacating the sentence, the appellate court considered 27 letters attesting to defendant’s honesty and good character, the fact that defendant had two stepsons who needed their father, and the fact that defendant possessed only a small amount of the drug.
In drug cases when the defendant is youthful and it is his first offense the courts have carefully scrutinized the sentence imposed. The courts have vacated a six-month sentence for possession of marijuana and an eight-year sentence for possession of marijuana with intent to distribute. State v. Grey, 408 So.2d 1239 (La.1982). The courts have vacated a 21-year sentence for distribution of cocaine, State v. Tilley, 400 So.2d 1363 (La.1981); a five-year sentence for attempted distribution of marijuana, State v. Jones, 398 So.2d 1049 (La.1981); and a three-year sentence for possession of preludin with intent to distribute, State v. Forshee, 395 So.2d 742 (La.1981).
While strict scrutiny of sentencing is the rule for drug cases, especially those involving youthful first offenders, the sentence *732 in the case at bar can withstand this review.
While defendant may be a 28-year-old first felony offender dealing a small amount of cocaine, he has an extensive arrest record which indicates a tendency towards violence, and he received the benefit of plea bargaining.
Two eight year sentences for distribution of and possession with intent to distribute a controlled dangerous substance does not shock our sense of justice. Thus, these sentences are not excessive. This assignment of error lacks merit.
Defendant also complains that the trial court’s decision to impose consecutive sentences is an abuse of discretion.
LSA-C.Cr.P. art. 883 states:
“If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.”
Whether or not the offenses here were “parts of a common scheme or plan,” the trial judge is given a wide discretion in the imposition of sentences within statutory limits and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Molinario, 400 So.2d 596 (La.1981).
For offenders without prior felony records, concurrent sentences are the usual rule, especially where convictions arise out of the same course of conduct, or conduct occurring within a short period of time. State v. Jacobs, 383 So.2d 342 (La.1980). In Jacobs the court stated that consecutive sentences could still be justified when, due to past conduct, over an extended period of time, the offender poses an unusual risk to the safety of the public. (See also State v. Lewis, 445 So.2d 195 (La.App.3d Cir.1984), writ denied, 446 So.2d 1231 (La.1984).
The sentencing judge should, but is not required to, explain his reasons for imposition of consecutive sentences. Lewis, 445 So.2d at 197.
In this case the defendant had an extensive arrest record, indicating some tendency to violence. Defendant had been charged with conspiracy to commit armed robbery, but this charge was dismissed as a result of defendant’s plea bargain. LSA-C.Cr.P. art. 883 vests discretion on imposing consecutive sentences in the trial judge. Given defendant’s history of arrests, it cannot be said the trial judge abused his discretion in imposing consecutive rather than concurrent sentences. See State v. Molinario, 400 So.2d at 600, and State v. Farria, 412 So.2d 577 (La.1982). Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
“The state appointed counsel that represented the appellant who failed to advise appellant correctly to the fullest extent of the law, being a first offender.”
This argument was not briefed. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
For the above and foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.