502 So.2d 606 (1987)
STATE of Louisiana, Appellee,
v.
Charles Adam HUTCHINS, Appellant.
No. CR 86-385.
Court of Appeal of Louisiana, Third Circuit.
February 10, 1987.
*607 Steve Gunnell, Cassidy & Gunnell, Jennings, for defendant-appellant.
Wendell R. Miller, Dist. Atty., Jennings, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
FORET, Judge.
Defendant, Charles Adam Hutchins, a/k/a Joe Hutchins, was indicted on the charge of distribution of cocaine, in violation of LSA-R.S. 40:967(A). On November 14, 1985, a twelve-person jury found defendant guilty as charged. Defendant filed a written motion for post-verdict judgment of acquittal which the trial court denied. The trial court sentenced defendant to serve eight years at hard labor. Defendant now appeals his conviction and sentence based on the following assignments of error:
(1) There was insufficient evidence to find defendant guilty of distribution of a controlled dangerous substance;
(2) The trial court erred in improperly denying defendant's motion for a postverdict judgment of acquittal;
(3) The trial court erred by relying on a pre-sentencing report which contained statements contrary to evidence adduced at trial; and,
(4) The trial court erred by imposing an excessive sentence.

FACTS
During the afternoon of January 7, 1985, defendant, Charles Adam Hutchins, telephoned Earl Trahan, an undercover narcotics detective with the Calcasieu Parish Sheriff's Office, and told him that he knew where Trahan could purchase some cocaine if Trahan was interested. That night, defendant and Trahan traveled to Jennings in defendant's truck to a house where the cocaine purchase was to be made. Trahan bought the cocaine from a third party, John LaBauve. LaBauve in turn gave the cocaine to defendant, who placed the cocaine packets in his pocket. When defendant and Trahan arrived back in Lake Charles later that evening, defendant handed the cocaine packets to Trahan.

ASSIGNMENTS OF ERROR NOS. 1 & 2
In these assignments of error, defendant contends that the evidence was insufficient to support a verdict of guilty of distribution and that the trial court should have granted a post-verdict motion of acquittal on that charge. The standard of review when an appellate court examines sufficiency of evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could conclude, beyond a reasonable doubt, that there was proof of each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). The standard for granting a post-verdict motion of acquittal under LSA-C.Cr.P. art. 821 is essentially the same. Art. 821 provides: "A post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty."
A defendant is guilty of the crime of distribution of cocaine if he knowingly or intentionally distributes cocaine. LSA-R.S. *608 40:967(A). Despite the requirement that the distribution be knowing or intentional, our Supreme Court has held that the statute requires only general criminal intent. State v. Banks, 307 So.2d 594 (La. 1975). Such intent is established by a mere proof of voluntary distribution. State v. Williams, 352 So.2d 1295 (La.1977); State v. Clark, 338 So.2d 690 (La.1976). The term "distribute" is defined in LSA-R.S. 40:961(13) as meaning:
"(13) `Distribute' means to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling or compounding the substance pursuant to the lawful order of a practitioner. `Distributor' means a person who delivers a controlled dangerous substance as herein defined."
The term "deliver" is defined in LSA-R.S. 40:961(9) as "... the transfer of a controlled dangerous substance whether or not there exists an agency relationship." In addition, the jurisprudence has defined "deliver" as "transferring possession or control." State v. Martin, 310 So.2d 544, 546 (La.1975).
A defendant may be guilty as a principal in the crime of distribution if he aids and abets in the distribution or directly or indirectly counsels or procures another to distribute a controlled dangerous substance. R.S. 14:24; R.S. 40:967. In the present case, we think that the evidence, viewed in a light most favorable to the prosecution, was sufficient to convict defendant as a principal in the distribution of cocaine for aiding and abetting that distribution. The record shows that defendant initiated the transaction by contacting the undercover officer with the information that cocaine was available. He alone knew where the sale was to take place and took the officer to the place of the drug sale. Defendant then counseled the officer as to the quality of the drug and as to the amount of money to offer. It was the defendant who physically delivered the cocaine to the undercover officer. At the time of the sale, defendant took the cocaine packets out of a tin can and placed them in his pants pocket. Defendant kept possession of the cocaine during the return trip and transferred the cocaine to the undercover officer when the two men arrived in Lake Charles. The evidence was sufficient for a rational trier of fact to conclude, beyond a reasonable doubt, that defendant had aided and abetted in the commission of the crime of distribution of cocaine. See State v. Broussard, 312 So.2d 325 (La. 1975); State v. Bernard, 441 So.2d 817 (La.App. 3 Cir.1983), writ denied, 445 So.2d 439 (La.1984).

ASSIGNMENT OF ERROR NO. 3
In this assignment of error, defendant argues that the trial court erred in his sentencing by relying on a pre-sentence report which contained statements contrary to evidence adduced at trial. Defendant, however, has not briefed this assignment of error. Assignments of error which are not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La. 1982).

ASSIGNMENT OF ERROR NO. 4
In this assignment of error, defendant argues that the sentence of eight years at hard labor was excessive. Art. 1, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be within statutory limits, yet still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). This is so, if the sentence is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. La., 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985), rehearing denied, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). The sentence for violation of LSA-R.S. 40:967(A) is a term of imprisonment at hard labor for not less than five years nor more than thirty years, and the defendant may, in addition, be sentenced to pay a fine of not more than $15,000.
*609 In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in LSA-C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Davis, 449 So.2d 452 (La.1984). A review of the record shows that the trial judge considered both types of factors. The mitigating factors the judge took into consideration were that the defendant was 23 years old, married, the father of two minor children, and an assistant manager of three muffler shops. As aggravating factors, the trial judge considered the nature of the offense, the fact that this was the second time defendant had been convicted of a drug offense, and that there were seven pending drug offenses against the defendant in Calcasieu Parish. Before sentencing defendant, the trial judge said that he felt that defendant was an undue risk to society, that he was in need of correctional treatment and custodial confinement, and that any lesser sentence would take away from the seriousness of the offense.
The trial judge did not abuse his discretion in sentencing defendant. The penalty imposed is not so grossly disproportionate to the severity of the crime committed so as to shock this Court's sense of justice. See State v. Nealy, 450 So.2d 634 (La.1984); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Byrd, 491 So.2d 87 (La.App. 3 Cir.1986).
Defendant has further objected to his sentence based on its being disproportionate to the other sentences imposed on those involved in the distribution of cocaine for which defendant was convicted. The fact that other defendants in a case receive lighter sentences is inconsequential. State v. Quimby, 419 So.2d 951 (La.1982). A judge is not required to treat co-defendants equally in sentencing, and a trial judge may exercise discretion according to individualized circumstances of the offense and the offender. State v. Labure, 427 So.2d 855 (La.1983); State v. Merchant, 490 So.2d 336 (La.App. 1 Cir.1986); State v. Pyron, 438 So.2d 1183 (La.App. 3 Cir.1983).

DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.